## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IOT INNOVATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> SIMPLISAFE, INC., <br><br> Defendant. | Civil Action No. 23-cv-10520 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IoT Innovations LLC ("IoT Innovations" or "Plaintiff") files this complaint against SimpliSafe, Inc. ("SimpliSafe" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are attached hereto as **Exhibit A**, **Exhibit B**, **Exhibit C**, **Exhibit D**, **Exhibit E**, and **Exhibit F**:

| | U.S. Patent No. | Title |
|---|---|---|
| A. | 6,801,933 <br> (the "'933 patent") | System And Method For Proactive Caching Employing Graphical Usage Description |
| B. | 7,379,464 <br> (the "'464 patent") | Personal Digital Gateway |
| C. | 7,756,073 <br> (the "'073 patent") | Method For Updating A Routing Entry |
| D. | 7,394,798 <br> (the "'798 patent") | Push-To Talk Over Ad-Hoc Networks |
| E. | 7,593,428 <br> (the "'428 patent") | Apparatus, And Associated Method, For Forming, And Operating Upon, Multiple-Checksum-Protected Data Packet |

|   | **U.S. Patent No.** | **Title** |
|---|---|---|
| F. | 7,304,570 (the "'570 patent") | Methods, Systems, And Computer Program Products For Providing Context-Based, Hierarchical Security For A Mobile Device |

2.      Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

3.      Plaintiff is a limited liability company formed under the laws of Texas with a registered office address located in Austin, Texas (Travis County).

4.      SimpliSafe is a corporation organized under the laws of the State of Delaware since August 11, 2006.

5.      SimpliSafe has its principal place of business located at 100 Summer Street Suite, 300, Boston, Massachusetts 02110.

6.      SimpliSafe may be served through its registered agent for service, Christian Cerda, also located at 100 Summer Street Suite, 300, Boston, Massachusetts 02110.

## JURISDICTION AND VENUE

7.      Plaintiff repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

8.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

9.      Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) and 1391(c) because it has maintained established and regular places of business in this District and has committed acts of patent infringement in the District.  *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

10.     Defendant is subject to this Court's specific and general personal jurisdiction under

due process because of Defendant's substantial business in this judicial District, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state and in this District.

11.     Specifically, SimpliSafe intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers located in this state, including in this District.

12.     SimpliSafe maintains regular and established places of business in this District.

13.     SimpliSafe offers products and services and conducts business in this District as described below.

14.     SimpliSafe ships and causes to be shipped into the District infringing products and materials instructing its customers to perform infringing activities to its employees, exclusive and non-exclusive contractors, agents, and affiliates for installation, operation, and service at locations within this District.

15.     Defendant commits acts of infringement from this District, including, but not limited to, use of the Accused Instrumentalities and inducement of third parties to use the Accused Instrumentalities in an infringing manner.

### THE ACCUSED INSTRUMENTALITIES

16.     Plaintiff repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

17.     Based upon public information, SimpliSafe owns, operates, advertises, and/or controls

the website and domain simplisafe.com, through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services.  *See, e.g.*, **Exhibit G.**

18.     Defendant uses, causes to be used, sells, offers for sale, provides, supplies, or distributes its home security platform and systems, including but not limited to the SimpliCam Indoor Camera, the Inside SimpliSafe Alarm Systems, the SimpliSafe Account, the SimpliSafe Doorbell Pro, and associated hardware and software (the "Accused Instrumentalities").  *See, e.g.*, **Exhibit H**, **Exhibit I**, and **Exhibit J**.

19.     Defendant also instructs its customers, agents, employees, and affiliates regarding how to use the Accused Instrumentalities for home security and control.  *See, e.g.*, **Ex. H**; **Ex. I**.

20.     For these reasons and the additional reasons detailed below, the Accused Instrumentalities practice at least one claim of each of the Asserted Patents.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,801,933

21.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

22.     The USPTO duly issued U.S. Patent No. 6,801,933 (hereinafter, the "'933 patent") on October 5, 2004, after full and fair examination of Application No. 09/644,054 which was filed on August 23, 2000.  *See* **Ex. A**, at A-1.

23.     IoT Innovations owns all substantial rights, interest, and title in and to the '933 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

24.     The claims of the '933 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components and functionalities that improve tools for searching electronic information

repositories and retrieving relevant results using queries and results built from natural language.

25.    The written description of the '933 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

26.    Defendant has directly infringed one or more claims of the '933 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

27.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 7 of the '933 patent.

28.    For example, Defendant, using the Accused Instrumentalities, including but not limited to the SimpliCam Indoor Camera, performs a method, comprising receiving a request for data; producing a current state based on the request; determining a next state based on the current state; caching data based on the current state and the next state; and associating the request with a user of an application having a plurality of states, wherein the user is located in one of the plurality of states. *See, e.g.*, **Ex. H**.

29.    Defendant performs this method by, for example, installing the SimpliCam Indoor Camera using the SimpliSafe app. *See, e.g.*, **Exhibit M**.

30.    IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '933 patent.

31.    IoT Innovations has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to IoT Innovations in an amount that compensates it for

such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,379,464**

32.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

33.     The USPTO duly issued U.S. Patent No. 7,379,464 (hereinafter, the "'464 patent") on May 27, 2008, after full and fair examination of Application No. 10/306,504 which was filed on November 27, 2002.  *See* **Ex. B**, at B-1.

34.     IoT Innovations owns all substantial rights, interest, and title in and to the '464 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

35.     The claims of the '464 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components and functionalities that improve tools for searching electronic information repositories and retrieving relevant results using queries and results built from natural language.

36.     The written description of the '464 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

37.     Defendant has directly infringed and continues to directly infringe one or more claims of the '464 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

38.     Defendant has directly infringed, either literally or under the doctrine of equivalents,

at least claim 1 of the '464 patent.

39.     For example, Defendant, using the Accused Instrumentalities, including but not limited to SimpliSafe's Alarm System, performs a method, comprising selecting a user's communications device from a plurality of communications devices to communicate data between a personal digital gateway and the selected communications device, the data associated with a common user of the personal digital gateway and of the selected communications device; storing profiles for each of the user's communications devices; retrieving a profile associated with the selected communications device; interpreting the data according to a rule-based engine to categorize the data as at least one of (1) data associated with an access agent, (2) data associated with a configuration agent, (3) data associated with a security agent, and (4) data associated with a management agent; processing the data according to an edge side assembler; and communicating the data and the profile to the selected communications device. *See, e.g.*, **Ex. H**.

40.     Defendant performs this method by, for example, installing and using the SimpliSafe Alarm System including, but not limited to, the Keypad, Base Station, and Motion Sensors. *See, e.g.*, **Exhibit N**; **Ex. J**. For example, installation and use of the SimpliSafe Alarm System each rely on and utilize SimpliSafe's encryption technology to ensure that data communicated within or to the system constitutes an authorized use of the system in a manner that infringes at least claim 1 of the '464 patent. *See, e.g.*, **Exhibit O**.

41.     IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '464 patent.

42.     Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe one or more claims of the '464 patent

by inducing others to directly infringe said claims. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '464 patent by providing or requiring use of the Accused Instrumentalities. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '464 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '464 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '464 patent. Defendant's inducement is ongoing. *See, e.g.*, **Ex. I**.

43. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '464 patent. Defendant has contributed to the direct infringement of the '464 patent by its personnel, contractors, and customers. The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '464 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '464 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

44. Defendant had knowledge of the '464 patent at least as of the date when it was notified

of the filing of this action.

45.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of IoT Innovations' patent rights.

46.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

47.     IoT Innovations has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

48.     IoT Innovations has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  IoT Innovations has and will continue to suffer this harm by virtue of Defendant's infringement of the '464 patent.  Defendant's actions have interfered with and will interfere with IoT Innovations' ability to license technology.  The balance of hardships favors IoT Innovations' ability to commercialize its own ideas and technology.  The public interest in allowing IoT Innovations to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,756,073**

49.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

50.     The USPTO duly issued U.S. Patent No. 7,756,073 (hereinafter, the "'073 patent") on July 13, 2010, after full and fair examination of Application No. 10/247,567 which was filed on September 20, 2002.  *See* **Ex. C**, at C-1.

51.     IoT Innovations owns all substantial rights, interest, and title in and to the '073 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

52.     The claims of the '073 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components and functionalities that improve tools for searching electronic information repositories and retrieving relevant results using queries and results built from natural language.

53.     The written description of the '073 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

54.     Defendant has directly infringed and continues to directly one or more claims of the '073 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

55.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '073 patent.

56.     For example, Defendant, using the Accused Instrumentalities, including but not limited to the SimpliSafe Account, performs a method comprising requesting a routing entry update, by a first node of a network, to a second node of the network, wherein said update request includes an identification of the update request; submitting request verification information, associated with said identification of the update request, from said first node to at least one routing node of the network; transmitting a request for verification of said routing entry update from said second node to said routing node using said identification of the update request; and retrieving said

request verification information from said routing node based on said identification of the update request. *See, e.g.*, **Ex. I**; **Exhibit L**.

57.     Defendant performs this method by, for example, by installing and using the SimpliSafe Alarm System including, but not limited to, the Keypad, Base Station, and Motion Sensors. *See, e.g.*, **Ex. N**; **Ex. J**. For example, installation and use of the SimpliSafe Alarm System utilizes 2-step verification, multi-factor verification, and/or biometric verification in a manner that infringes at least claim 1 of the '073 patent. *See, e.g.*, **Ex. O**.

58.     IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '073 patent.

59.     Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe one or more claims of the '073 patent by inducing others to directly infringe said claims. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '073 patent by providing or requiring use of the Accused Instrumentalities. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '073 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the

knowledge of the '073 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '073 patent. Defendant's inducement is ongoing. *See, e.g.*, **Ex. I**.

60.     Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '073 patent. Defendant has contributed to the direct infringement of the '073 patent by its personnel, contractors, and customers. The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '073 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '073 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

61.     Defendant had knowledge of the '073 patent at least as of the date when it was notified of the filing of this action.

62.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of IoT Innovations' patent rights.

63.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

64.     IoT Innovations has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

65.     IoT Innovations has suffered irreparable harm, through its loss of market share and

goodwill, for which there is no adequate remedy at law.  IoT Innovations has and will continue to suffer this harm by virtue of Defendant's infringement of the '073 patent.  Defendant's actions have interfered with and will interfere with IoT Innovations' ability to license technology.  The balance of hardships favors IoT Innovations' ability to commercialize its own ideas and technology.  The public interest in allowing IoT Innovations to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,394,798

66.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

67.     The USPTO duly issued U.S. Patent No. 7,394,798 (hereinafter, the "'798 patent") on July 1, 2008, after full and fair examination of Application No. 10/962,694 which was filed on October 13, 2004.  *See* **Ex. D**, at D-1.

68.     IoT Innovations owns all substantial rights, interest, and title in and to the '798 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

69.     The claims of the '798 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components and functionalities that improve tools for searching electronic information repositories and retrieving relevant results using queries and results built from natural language.

70.     The written description of the '798 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of

the invention.

71.     Defendant has directly infringed and continues to indirectly infringe one or more claims of the '798 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

72.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 30 of the '798 patent.

73.     For example, Defendant, using the Accused Instrumentalities, including but not limited to the SimpliSafe Doorbell Pro, provides a network control node, comprising means for establishing a connection between two groups of network nodes, wherein each group of network nodes is formed temporarily and comprises at least two network nodes, a connection between the network control node and at least one network node is established via a mobile communication network, and the connection within each group is provided as a direct contact via a radio connection between at least two network nodes of the group, wherein the radio connection is a half-duplex radio connection.  *See, e.g.*, **Exhibit K**.

74.     Defendant performs this method by, for example, using the two-way audio feature of the SimpliSafe Doorbell Pro which infringes at least claim 30 of the '798 patent.  *See, e.g.*, **Exhibit P**; **Ex. K**.

75.     IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '798 patent.

76.     Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe one or more claims of the '798 patent by inducing others to directly infringe said claims.  Defendant has induced end-users, including,

but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '798 patent by providing or requiring use of the Accused Instrumentalities.   Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '798 patent, including, for example, claim 30.   Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner.   Defendant is performing these steps, which constitute induced infringement with the knowledge of the '798 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '798 patent.   Defendant's inducement is ongoing.   *See, e.g.*, *id.*; **Ex. I**.

77.     Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '798 patent.   Defendant has contributed to the direct infringement of the '798 patent by its personnel, contractors, and customers.   The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '798 patent, including, for example, claim 30.   The special features constitute a material part of the invention of one or more of the claims of the '798 patent and are not staple articles of commerce suitable for substantial non-infringing use.   Defendant's contributory infringement is ongoing.

78.     Defendant had knowledge of the '798 patent at least as of the date when it was notified of the filing of this action.

79.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of IoT Innovations' patent rights.

80.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

81.     IoT Innovations has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

82.     IoT Innovations has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. IoT Innovations has and will continue to suffer this harm by virtue of Defendant's infringement of the '798 patent. Defendant's actions have interfered with and will interfere with IoT Innovations' ability to license technology. The balance of hardships favors IoT Innovations' ability to commercialize its own ideas and technology. The public interest in allowing IoT Innovations to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,593,428**

83.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

84.     The USPTO duly issued U.S. Patent No. 7,593,428 (hereinafter, the "'428 patent") on September 22, 2009, after full and fair examination of Application No. 11/621,545 which was filed on January 9, 2007. *See* **Ex. E**, at E-1.

85.     IoT Innovations owns all substantial rights, interest, and title in and to the ' 428 patent,

including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

86.     The claims of the '428 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components and functionalities that improve tools for searching electronic information repositories and retrieving relevant results using queries and results built from natural language.

87.     The written description of the '428 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

88.     Defendant has directly infringed one or more claims of the '428 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

89.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 14 of the '428 patent.

90.     For example, Defendant, using the Accused Instrumentalities, including but not limited to  SimpliSafe's Indoor Camera and its associated hardware and software, performs a method comprising receiving data from a data source at a transceiver station; and in response to programmed instructions in processing circuitry at the transceiver station; selecting a first portion of the data to be protected by a first checksum and selecting a second portion of the data to be protected by a second checksum; performing a first checksum calculation upon the selected first portion and performing at least a second checksum calculation upon the selected second portion; and formatting the data into a packet-formatted data packet, wherein the packet-formatted data

packet comprises the selected first portion, indicia associated with the first checksum calculation, the selected second portion, and indicia associated with the second checksum calculation. *See, e.g.*, **Ex. H**.

91.     For example, the SimpliSafe, aka, SimpliCam, Indoor Camera includes a data source, e.g., a memory containing video data and identification data, that receives data, and the SimpliSafe Indoor Camera then causes the, e.g., one or more Wifi chipsets to receive and perform instructions in a manner that infringes, e.g., claim 14 of the '428 patent. *See, e.g.*, **Exhibit S**.

92.     IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '428 patent.

93.     IoT Innovations has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,304,570

94.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

95.     The USPTO duly issued U.S. Patent No. 7,304,570 (hereinafter, the "'570 patent") on December 4, 2007, after full and fair examination of Application No. 11/200,611 which was filed on August 10, 2005.  *See* **Ex. F**.  A Certificate of Correction was issued on November 4, 2008. *See id*, at F-15.

96.     IoT Innovations owns all substantial rights, interest, and title in and to the '570 patent, including the sole and exclusive right to prosecute this action and enforce the '570 patent against

infringers and to collect damages for all relevant times.

97.     The claims of the '570 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components that improve upon the function and operation of context-based, hierarchical security for a mobile device.

98.     The written description of the '570 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

99.     Defendant has directly infringed and continues to directly infringe one or more claims of the '570 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

100.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '570 patent.

101.     For example, Defendant, using the Accused Instrumentalities performs a method for providing context-based, hierarchical security for a mobile device, the method comprising storing a hierarchy of security actions for at least one of protecting data stored on a mobile device and preventing unauthorized use of the mobile device, the hierarchy including a plurality of security levels, each security level including at least one context-based security action; performing at least one security action associated with a first security level in response to the existence of a first context associated with the first security level; and performing at least one security action associated with a second security level in response to the existence of a second context associated with the second security level. *See, e.g.*, **Exhibit Q**, at Q-2.

102.    Defendant performs this method by, for example, using and causing to be used on the SimpliSafe Keypad personal identification number ("PINs") in a manner that infringes, e.g., claim 1 of the '570 patent.  *See, e.g.*, **Exhibit R**.

103.    Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the '570 patent by inducing others to directly infringe the '570 patent.  Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '570 patent by providing or requiring use of the Accused Instrumentalities.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '570 patent, including, for example, claim 1 of the '570 patent. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '570 patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '570 patent.  Defendant's inducement is ongoing.  *See, e.g.*, **Ex. I**.

104.    Defendant has also indirectly infringed  and continues to indirectly infringe by contributing to the infringement of the '570 patent.  Defendant has contributed to the direct infringement of the '570 patent by its personnel, contractors, and customers.  The Accused Instrumentalities have special features that are specially designed to be used in an infringing way

and that have no substantial uses other than ones that infringe one or more claims of the '570 patent, including, for example, claim 1 of the '570 patent. The special features constitute a material part of the invention of one or more of the claims of the '570 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

105.    Defendant had knowledge of the '570 patent at least as of the date when it was notified of the filing of this action.

106.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of IoT Innovations' patent rights.

107.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

108.    Defendant's direct infringement of one or more claims of the '570 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of IoT Innovations' rights under the patent.

109.    IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '570 patent.

110.    IoT Innovations has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

111.    IoT Innovations has suffered irreparable harm, through its loss of market share and

goodwill, for which there is no adequate remedy at law. IoT Innovations has and will continue to suffer this harm by virtue of Defendant's infringement of the '570 patent. Defendant's actions have interfered with and will interfere with IoT Innovations' ability to license technology. The balance of hardships favors IoT Innovations' ability to commercialize its own ideas and technology. The public interest in allowing IoT Innovations to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

112.     IoT Innovations hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

113.     IoT Innovations requests that the Court find in its favor and against Defendant, and that the Court grant IoT Innovations the following relief:

a.     Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '464 patent, the '073 patent, the '798 patent, and the '570 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

c.     Judgment that Defendant accounts for and pays to IoT Innovations all damages to and costs incurred by IoT Innovations because of Defendant's infringing activities and other conduct complained of herein;

d.      Judgment that Defendant's infringements be found willful as to the '464 patent, the '073 patent, the '798 patent, and the '570 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.      Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.      That this Court declare this an exceptional case and award IoT Innovations its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.      All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>March 9, 2023</u>                   Respectfully submitted,

By its attorneys

<u>/s/ David S. Godkin</u>

David S. Godkin (BBO #196530)
James E. Kruzer (BBO #670827)
**BIRNBAUM & GODKIN, LLP**
1 Marina Park Drive, Suite 1410
Boston, Massachusetts 02210
Telephone: (617) 307-6100
Email: godkin@birnbaumgodkin.com
Email: kruzer@birnbaumgodkin.com


*Attorneys for Plaintiff IoT INNOVATIONS LLC*


**<u>Of Counsel</u>**

James F. McDonough, III (GA 117088)**
Jonathan R. Miller (GA 507179)**
Travis E. Lynch (GA 162373)**
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone: (470) 480-9505, -9517, -9514
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

C. Matthew Rozier (CO 46854)**
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906)**
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

                          **Admission *pro hac vice* anticipated

**List Of Exhibits**

A.  U.S. Patent No. 6,801,933
B.  U.S. Patent No. 7,379,464
C.  U.S. Patent No. 7,756,073
D.  U.S. Patent No. 7,394,798
E.  U.S. Patent No. 7,593,428
F.  U.S. Patent No. 7,304,570
G.  Wireless Security Camera System | SimpliSafe Indoor Security Camera
H.  SimpliSafe Home Security Systems | Wireless Home Security Alarms
I.  App Support | SimpliSafe Help Center
J.  Shop DIY Home Security Systems & Packages | SimpliSafe
K.  Wired Video Doorbell Camera | SimpliSafe
L.  Securing Your SimpliSafe Account | SimpliSafe Help Center
M.  SimpliCam Indoor Camera Installation Guide | SimpliSafe Help Center
N.  Wireless Home Security Alarm System | SimpliSafe Features
O.  Inside SimpliSafe Alarm System | Tenable TechBlog
P.  How to use the Video Doorbells 2-Way Audio | SimpliSafe Help Center
Q.  Does any of my data (camera-microphones) go via a SimpliSafe server? | SimpliSafe Help Center
R.  Setting Up A New PIN | SimpliSafe Help Center
S.  Wireless Security Camera System | SimpliCam Indoor Security Camera